**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

ZACHARY FORD,

                         Plaintiff,

             -against-

MARCH FOR OUR LIVES ACTION FUND
and JACLYN CORIN, jointly and severally,

                      Defendants.

------------------------------------------------------------x

Case No.: 1:25-cv-05214-JHR

**DEFENDANTS MARCH FOR OUR LIVES**
**ACTION FUND AND JACLYN CORIN'S**
**ANSWER TO PLAINTIFF'S COMPLAINT**

        Defendants MARCH FOR OUR LIVES ACTION FUND ("Defendant MFOL")
and JACLYN CORIN ("Defendant Corin") (collectively, "Defendants"), by and through their
attorneys, Jackson Lewis P.C., hereby respond to the allegations in Plaintiff's Complaint
("Complaint") as follows:

<u>**AS TO "NATURE OF THE ACTION"**</u>

        1.        Defendants deny the allegations contained in Paragraph 1 of the Complaint.

        2.        Defendants deny the allegations contained in Paragraph 2 of the Complaint.

        3.        Defendants aver that Plaintiff purports to proceed as set forth in Paragraph
3 of the Complaint, but denies any factual allegations contained in the Paragraph therein and denies
that Plaintiff is entitled to any relief whatsoever.

<u>**AS TO "PARTIES"**</u>

        4.        Defendants lack knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations set forth in Paragraph 4 of the Complaint.

        5.        Defendants deny the allegations contained in Paragraph 5 of the Complaint,
except admit that March for Our Lives Action Fund is a not-for-profit organization designated as

a 501(c)(4) with its mailing address located at 1635 Connecticut Ave Nw, P.O. Box 65310, Washington, DC 20009.

6.     Defendants admit the allegations contained in Paragraph 6 of the Complaint.

7.     Defendants deny the allegations contained in Paragraph 7 of the Complaint.

## AS TO "PROCEDURAL HISTORY"

8.     Defendants admit the allegations contained in Paragraph 8 of the Complaint.

9.     Defendants admit the allegations contained in Paragraph 9 of the Complaint.

## AS TO "JURISDICTION AND VENUE"

10.     The allegations set forth in Paragraph 10 of the Complaint call for a legal conclusion to which no response is required.  To the extent that a response may be required, Defendants aver that Plaintiff originally filed this action in the Supreme Court of the State of New York, County of New York.

11.     The allegations set forth in Paragraph 11 of the Complaint call for a legal conclusion to which no response is required.  To the extent that a response may be required, Defendants deny the allegations contained in Paragraph 11 of the Complaint.

12.     Defendants deny the allegations in Paragraph 12 of the Complaint, except admit that Defendants removed this matter to the Southern District of New York.

## AS TO "STATEMENT OF CLAIMS"

13.     Defendants admit the allegations contained in Paragraph 13 of the Complaint.

14.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 14 of the Complaint.

15.     Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16.     Defendants deny the allegations contained in Paragraph 16 of the Complaint.

17.     Defendants deny the allegations contained in Paragraph 17 of the Complaint, except refer to the document referenced in this Paragraph and the content therein.

18.     Defendants deny the allegations contained in Paragraph 18 of the Complaint, except refer to the document referenced in this Paragraph and the content therein.

19.     Defendants deny the allegations contained in Paragraph 19 of the Complaint, except refer to the document referenced in this Paragraph and the content therein.

20.     Defendants deny the allegations contained in Paragraph 20 of the Complaint, except refer to the document referenced in this Paragraph and the content therein.

21.     Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22.     Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23.     Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24.     Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25.     Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26.     Defendants deny the allegations contained in Paragraph 26 of the Complaint.

27.     Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28.     Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29.     Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30.     Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31.     Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32.     Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33.     Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34.     Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35.     Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36.    Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37.    Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38.    Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39.    Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40.    Defendants deny the allegations contained in Paragraph 40 of the Complaint.

41.    Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42.    Defendants deny the allegations contained in Paragraph 42 of the Complaint.

43.    Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44.    Defendants admit the allegations contained in Paragraph 44 of the Complaint.

45.    Defendants deny the allegations contained in Paragraph 45 of the Complaint.

46.    Defendants deny the allegations contained in Paragraph 46 of the Complaint.

47.    Defendants admit the allegations contained in Paragraph 47 of the Complaint.

48.    Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49.    Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50.    Defendants deny the allegations contained in Paragraph 50 of the Complaint.

51.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 51 of the Complaint.

52.    Defendants deny the allegations contained in Paragraph 52 of the Complaint, except refer to the documents referenced in this Paragraph and the content therein.

53.    Defendants deny the allegations contained in Paragraph 53 of the Complaint.

54.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 54 of the Complaint.

55.    Defendants deny the allegations contained in Paragraph 55 of the Complaint.

56.    Defendants deny the allegations contained in Paragraph 56 of the Complaint.

57.    Defendants admit the allegations contained in Paragraph 57 of the Complaint.

58.      Defendants admit the allegations contained in Paragraph 58 of the Complaint.

59.      Defendants deny the allegations contained in Paragraph 59 of the Complaint, except refer to the Slack messages referenced in this Paragraph and the content therein.

60.      Defendants deny the allegations contained in Paragraph 60 of the Complaint, except refer to the Slack messages referenced in this Paragraph and the content therein.

61.      Defendants deny the allegations contained in Paragraph 61 of the Complaint, except refer to the Slack messages referenced in this Paragraph and the content therein.

62.      Defendants deny the allegations contained in Paragraph 62 of the Complaint, except refer to the document referenced in this Paragraph and the content therein.

63.      Defendants deny the allegations contained in Paragraph 63 of the Complaint.

64.      Defendants deny the allegations contained in Paragraph 64 of the Complaint.

65.      Defendants deny the allegations contained in Paragraph 65 of the Complaint, except admit that during this call Defendant Corin informed the Organization's staff that their positions were being eliminated, and their employment was being terminated.

66.      Defendants deny the allegations contained in Paragraph 66 of the Complaint.

67.      Defendants deny the allegations contained in Paragraph 67 of the Complaint.

68.      Defendants deny the allegations contained in Paragraph 68 of the Complaint.

69.     Defendants deny the allegations contained in Paragraph 69 of the Complaint, except admit that The 19th wrote an article about March for Our Lives.

70.     Defendants deny the allegations contained in Paragraph 70 of the Complaint.

71.     Defendants deny the allegations contained in Paragraph 71 of the Complaint.

72.     Defendants deny the allegations contained in Paragraph 72 of the Complaint.

73.     Defendants deny the allegations contained in Paragraph 73 of the Complaint.

## AS TO "FIRST CAUSE OF ACTION"
### (VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW AND NYC ADMINISTRATIVE CODE)

74.     Defendants repeat and reallege each and every response contained in Paragraphs 1 through 73 as if fully set forth herein.

75.     Defendants deny the allegations contained in Paragraph 75 of the Complaint.

76.     Defendants deny the allegations contained in Paragraph 76 of the Complaint.

## AS TO "PRAYER FOR RELIEF"

To the extent not otherwise denied, Defendants deny Plaintiff is entitled to any relief or remedy specified in the following clauses set forth in the Complaint, including subparagraphs (a) through (f) alleged therein.

## ADDITIONAL AVERMENTS

Defendants deny all claims and allegations not unequivocally admitted herein.

## STATEMENT OF AFFIRMATIVE DEFENSES
## AND OTHER DEFENSES

Defendants state the following affirmative and other defenses without assuming the burden of proof on such defenses that would otherwise rest with Plaintiff. Defendants also reserve the right to assert such additional defenses that may become applicable during the course of this litigation.

## AS AND FOR A FIRST DEFENSE

The Complaint as a whole and each and every purported cause of action alleged therein fails to state facts sufficient to constitute a claim against Defendants.

## AS AND FOR A SECOND DEFENSE

Plaintiff's claims are barred to the extent there was no causal connection between the alleged events in his Complaint and any damages he allegedly suffered.

## AS AND FOR A THIRD DEFENSE

Defendants have acted in good faith in accordance with all applicable statutes and regulations with regard to Plaintiff and, as such, did not act in bad faith or willfully or otherwise violate Plaintiff's rights in any manner.

## AS AND FOR A FOURTH DEFENSE

Plaintiff does not possess a subjective or good faith belief that he was retaliated against.

## AS AND FOR A FIFTH DEFENSE

Plaintiff did not possess a subjective or good faith belief that he was opposing practices forbidden under the New York City Human Rights Law.

## AS AND FOR A SIXTH DEFENSE

Plaintiff's claims for damages are barred, in whole or in part, because Defendants' actions regarding Plaintiff were at all times based upon reasonable and legitimate nonretaliatory and lawful business reasons other than Plaintiff's alleged protected activity, and Plaintiff cannot show that his alleged protected activity was the motivating reason for any action taken with respect to his employment.

## AS AND FOR A SEVENTH DEFENSE

Each and every action taken by Defendants with respect to Plaintiff was based upon lawful factors and was justified by a business necessity.

## AS AND FOR AN EIGHTH DEFENSE

Even if Plaintiff is entitled to recover damages, which Defendants expressly deny, any amount Plaintiff claims is due and owing to him for lost wages and other employment benefits Plaintiff earned (including unemployment compensation benefits), or through the exercise of reasonable diligence could have earned, during the period for which lost wages and benefits are sought by Plaintiff. To the extent Plaintiff has failed to comply with his legal duty to mitigate his damages, Plaintiff is barred or limited from recovering those damages.

## AS AND FOR A NINTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, by equitable principles, including but not limited to waiver, estoppel, laches, the after-acquired evidence doctrine, the unclean hands doctrine, and/or the election of remedies doctrine.

## AS AND FOR AN TENTH DEFENSE

Plaintiff's claim of retaliation and/or recovery of damages (including liquidated or punitive damages) are precluded by Defendants' good faith efforts to comply with a applicable

federal, state, and local anti-discrimination and anti-retaliation laws, including by exercising reasonable care to prevent and correct promptly any alleged discriminatory behavior, including, but not limited to, publishing policies prohibiting discrimination, which was known to Plaintiff, and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant or to otherwise avoid harm.

### AS AND FOR A ELEVENTH DEFENSE

Plaintiff has failed to state a claim for the recovery of punitive damages upon which relief may be granted.

### AS AND FOR A TWELFTH DEFENSE

Plaintiff's claims are barred to the extent Plaintiff lacks standing to pursue such claims.

### AS AND FOR A THIRTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part to the extent he failed to exhaust administrative remedies.

### AS AND FOR A FOURTEENTEENTH DEFENSE

Any damages claimed by Plaintiff are subject to all statutory exclusions and limitations applicable to claims under any applicable federal or state statute.

### AS AND FOR A FIFTEENTH DEFENSE

Defendants assert their entitlement to any allowable credits or offsets against judgment, if any, in favor of Plaintiff.

### AS AND FOR A SIXTEENTH DEFENSE

To the extent it may later be determined that any employee of Defendant MFOL committed unlawful acts as alleged in the Complaint, which is expressly denied, such acts were

committed outside the scope or course of employment and without Defendant MFOL's consent, knowledge, or ratification.

<u>**AS AND FOR A SEVETEENTH DEFENSE**</u>

Plaintiff engaged in no protected activity sufficient to support a claim for retaliation.

**WHEREFORE**, Defendants respectfully request the Court to:

a.    Dismiss the Complaint in its entirety, with prejudice;

b.    Deny each and every demand, claim and prayer for relief contained in the Complaint;

c.    Award Defendants the reasonable attorneys' fees and costs they incur in defending this action; and

d.    Grant Defendants such other and further relief as the Court deems just and proper.

Dated: Melville, New York
      August 7, 2025

Respectfully submitted,

JACKSON LEWIS P.C.
*ATTORNEYS FOR DEFENDANTS*
58 South Service Road, Suite 250
Melville, New York 11747
(631) 247-0404

By:    */s/ Adam G. Gutell*
Adam G. Guttell, Esq.
Yori Johnson, Esq.

4907-2763-1703, v. 1